
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD B. FOX, M.D., | No. 10-15989 |
| Plaintiff - Appellant, | D.C. No. 5:04-cv-00874-RS |
| v. | |
| GOOD SAMARITAN HOSPITAL LP, a Delaware limited partnership; SAMARITAN, LLC, a Delaware limited liability company; HCA, INC., a Delaware corporation; WILLIAM PICHE; PAUL N. BEAUPRE, M.D.; ARTHUR W. DOUVILLE, M.D.; MARK S. MCCONNELL; KENNETH I. TAN, M.D.; GOOD SAMARITAN HOSPITAL, | MEMORANDUM[*] |
| Defendants - Appellees. | |

| | |
|---|---|
| RICHARD B. FOX, M.D., | No. 10-16701 |
| Plaintiff - Appellee, | D.C. No. 5:04-cv-00874-RS |
| v. | |
| GOOD SAMARITAN HOSPITAL, Medical Staff; GOOD SAMARITAN HOSPITAL LP, a Delaware limited | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

partnership; SAMARITAN, LLC, a
Delaware limited liability company; HCA,
INC., a Delaware corporation; WILLIAM
PICHE; PAUL N. BEAUPRE, M.D.;
ARTHUR W. DOUVILLE, M.D.; MARK
S. MCCONNELL; KENNETH I. TAN,
M.D.,

Defendants - Appellants.

Appeal from the United States District Court
for the Northern District of California
Richard G. Seeborg, District Judge, Presiding

Argued and Submitted June 17, 2011
San Francisco, California

Before: PREGERSON and MURGUIA, Circuit Judges, and SINGLETON, Senior
District Judge.[**]

Plaintiff-Appellant Richard Fox ("Fox") appeals the district court's grant of

summary judgment to Defendant-Appellees Good Samaritan Hospital and related

persons and entities (collectively "Good Samaritan").  Good Samaritan also cross-

appeals the district court's denial of its motion for costs.  We have jurisdiction

under 28 U.S.C. § 1291.

---

[**] The Honorable James K. Singleton, Senior District Judge for the U.S.
District Court of Alaska, sitting by designation.

We are troubled that Good Samaritan waited six years to assert immunity under the Health Care Quality Improvement Act ("HCQIA"), 42 U.S.C. §§ 11101–11152, even though it was available to them at the outset of the litigation. This failure resulted in nearly six years of costly discovery and multiple rounds of motion practice. We are also troubled that Good Samaritan affirmatively decided not to follow the HCQIA's requirement that it report Fox's suspension to the National Practitioner Data Bank. 42 U.S.C. § 11133(a)(1). Nevertheless, we find that the HCQIA grants immunity for Good Samaritan's suspension of Dr. Fox, and affirm on that claim. We also affirm the district court's denial of Good Samaritan's motion for costs.

The district court held that Good Samaritan was immune from damages under the HCQIA. A hospital is entitled to HCQIA immunity for any "professional review action," 42 U.S.C. § 11111, taken "based on the competence or professional conduct of an individual physician," *id.* § 11151(9), so long as the hospital afforded the physician adequate procedural protections, *see id.* § 11112(a). Although the parties agree that Fox's competence was never at issue, Fox disagrees with Good Samaritan's contention that issues relating to Fox's professional conduct justified revoking Fox's privileges at Good Samaritan.

3

First, Fox argues that Good Samaritan is collaterally estopped from arguing that Fox's professional conduct was ever at issue. But the California Court of Appeal's earlier decision in related litigation made no reference to Fox's professional conduct whatsoever. That court held that Good Samaritan's suspension action "was quasi-legislative and therefore no hearing was required." *See Fox v. Good Samaritan Hosp.*, 2003 WL 21675515, *5-6 (Cal. Ct. App. Jul. 18, 2003). The California court determined that it was Dr. Fox's "noncompliance with the policy, . . . that resulted in his privileges being suspended." *See id.* at *6.

Fox's claim for judicial estoppel likewise fails. Although Good Samaritan argued in state court that its suspension action was quasi-legislative rather than adjudicatory in nature because its action was the result of the "implementation of a policy," *id.* at *5 (quoting *Hay v. Scripps Mem'l Hosp.*, 183 Cal. App. 753, 758 (1986)), rather than "misconduct," Fox cannot claim judicial estoppel because Good Samaritan's characterization of its decision as quasi-legislative, as opposed to adjudicatory, was not clearly inconsistent with its position that the decision implicated Fox's professional conduct. *See New Hampshire v. Maine,* 532 U.S. 742, 750 (2001) (holding, as a threshold matter, that for judicial estoppel to apply, "a party's later position must be 'clearly inconsistent' with its earlier position" (citation omitted)).

4

Next, Fox claims that Good Samaritan's failure to report Fox's suspension to the National Practitioner Data Bank, as required by 42 U.S.C. § 11133(a)(1), forecloses HCQIA immunity. Fox is incorrect because failure to report only forecloses immunity if the Secretary of Health and Human Services publishes the hospital's name in the Federal Register, which did not happen here. *See id.* ("A health care entity . . . shall lose the protections of section 11111(a)(1) of this title if the Secretary publishes the name of the entity under section 11111(b) of this title.").

Fox further argues that his professional conduct could not have motivated Good Samaritan's decision because the underlying dispute concerned a policy disagreement, and not his professional conduct. However, the rule Fox violated clearly required Fox to designate alternates with privileges "identical" to his own, and it is undisputed that his designated alternates did not have identical privileges. A doctor's failure to comply with a rule of the hospital where he practices unquestionably implicates his professional conduct, whether or not he agrees with the rule.

Finally, Fox claims Good Samaritan failed to offer him "adequate notice and hearing procedures . . . as are fair to the physician under the circumstances." 42 U.S.C. § 11112(a)(3). Hospitals are presumed to have offered adequate procedures

5

unless the party challenging the procedures can prove otherwise. *See id.* § 11112(a). Although Good Samaritan did not offer Fox a formal administrative hearing, such a hearing was not necessary under the unique circumstances of Fox's case. Fox does not dispute the fact that he failed to designate alternates with "identical" privileges, as required by the hospital's rules. A formal hearing geared toward resolving factual disputes would therefore have done nothing to help Fox's case or aid Good Samaritan's decision-making. Rather, because Fox's disagreement was with the substance of the alternate call coverage rule—and not his noncompliance with the rule—Good Samaritan offered him the opportunity to challenge the rule in informal hearings before the Executive Committee and the Board of Trustees. Given the situation, the hearings Fox received were "fair to the physician under the circumstances." *Id*. § 11112(a)(3).

With regard to the district court's denial of Good Samaritan's motion for costs, we hold that the district court did not abuse its discretion. While the prevailing party is presumed to be entitled to costs under Federal Rule of Civil Procedure 54(d)(1), the district court has broad discretion to deviate from that presumption, so long as it "explain[s] why [the] case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Ass'n of Mex.-Am. Educators v. California*, 231 F.3d 572, 592-93 (9th Cir. 2000) (en

6

banc). Here, the district court explained that although HCQIA immunity was available to the defendants at the outset of the litigation, the defendants failed to assert it until after nearly six years of costly discovery and multiple rounds of motion practice. The district court further noted that none of these costs or the time expended would have been necessary had the defendants raised HCQIA immunity in a timely manner. In light of the district court's thorough explanation of the unusual nature of this case, there are no grounds for believing that the district court abused its discretion.[1]

**AFFIRMED.**

---

[1] Appellant's February 26, 2011 Request for Judicial Notice is denied.